IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RODDY GILLUS                              : | |
|        Petitioner,           : | |
| v.                                        : | CIVIL ACTION NO. L-06-2805 |
|                                           : | |
| KIMBERLY PARSON                           : | |
|        Respondent.           : | |

**MEMORANDUM**

Pending is Roddy Gillus's ("Gillus") civil action. No oral argument is necessary because the case is subject to summary dismissal upon preliminary review. By separate order, the Court will GRANT Gillus's Motion to Proceed In Forma Pauperis and, for the reasons stated herein, DISMISS the case.

**I.   BACKGROUND**

On March 27, 2006, Gillus filed a Complaint for declaratory relief against Maryland resident Kimberly Parson regarding real property located in Baltimore County, Maryland. See Gillus v. Parson, Civil Action No. L-06-829 (D. Md.). He was ordered to file a status report to show why this Court had jurisdiction over the matter. After review of the status report, the undersigned dismissed the Complaint on May 17, 2006.[1]

On October 24, 2006, Gillus filed the instant action, again naming Kimberly Parson as a party and once more claiming an ownership right in the Randallstown, Maryland property. (Docket No. 1). Gillus, who is now confined at the Maryland Division of Correction's Roxbury

---

[1] The Court found that (i) it had no diversity jurisdiction over the property matter and (ii) Gillus had otherwise failed to present sufficient facts or documentation to set out a colorable claim against Parson that implicates the Constitution, laws, and statutes of the United States. (Docket No. 4). Gillus's reconsideration request was denied on June 12, 2006. (Docket Nos. 6 & 7). No appeal was noted.

Correctional Institution,[2] asks the Court to compel county law enforcement and judicial authorities to acknowledge his property ownership and to cease any further "hostile treatment." (Docket No. 1).

## II. ANALYSIS

The Court, construing Gillus's letter liberally,[3] deems it a mandamus petition filed pursuant to 28 U.S.C. § 1361, seeking to compel action. Under § 1361, a federal district court has original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. A federal district court, however, has no mandamus jurisdiction over state and local government agencies or individuals and cannot compel them to grant real property ownership or to cease law enforcement action. See Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969).

## III. CONCLUSION

For the aforementioned reasons, the Court will DISMISS Gillus's petition.

Dated this 21st day of November, 2006.

/s/
Benson Everett Legg
Chief Judge

---

[2] At the time he filed Gillus v. Parson, Civil Action No. L-06-829 (D. Md.), Gillus was incarcerated at the Baltimore County Detention Center.

[3] See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).